IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY JACKSON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 07-0481 |
| | : | |
| J. LEWIS CROZER LIBRARY | : | |
| and | : | |
| KATIE NEWELL, | : | |
| Defendants. | : | |

MEMORANDUM AND ORDER

Stengel, J.                                                      August 22, 2007

This is an employment discrimination case in which the plaintiff, Dorothy Jackson, alleges disability discrimination and retaliation on the part of her former employer, J. Lewis Crozer Library and Library Director Katie Newell.  Plaintiff filed an amended complaint in response to defendants' first motion to dismiss, and defendants now move to dismiss four of the five counts contained in the amended complaint, on grounds that the charges contained therein are barred by the applicable statute of limitations.

I.     BACKGROUND

On April 25, 2007, plaintiff Dorothy Jackson filed an amended complaint alleging disability discrimination and retaliation by her former employer, J. Lewis Crozer Library ("Crozer Library") and her former supervisor, Katie Newell.  Plaintiff worked as a children's librarian for Crozer Library from 1995 until 2003.  In 2002, Ms. Newell was hired as the new Library Director.  Am. Compl. ¶ 9.  When Ms. Newell was hired, plaintiff

informed Ms. Newell that, because she was legally blind as the result of macular degeneration, she needed accommodations to be able to perform her job duties.  Id. ¶¶ 12-13.  Her position was part-time and it allowed her to work flexible hours so that she could obtain transportation to and from work.  Id. ¶¶ 9-13.  After informing Ms. Newell of her condition, the children's librarian position was changed from part-time to full-time, with 9 a.m. to 5 p.m. working hours.  This new schedule made it difficult for plaintiff to work the hours required because of her reliance on others for transportation to and from the Library.  Id. ¶¶ 16-17.  Plaintiff expressed an interest in taking the full-time position, but asked to be able to keep her flexible working hours.  Id. ¶ 18.  Ms. Newell informed plaintiff that she could not work flexible hours or hire a driver to take her to functions associated with the full-time position.  On July 15, 2005, Ms. Newell terminated plaintiff's employment with the Library.  Id. ¶¶ 20-21.

Plaintiff filed a complaint with the Pennsylvania Human Rights Commission ("PHRC") following her termination, which was dual-filed with the Equal Employment Opportunity Commission ("EEOC").  Id. ¶ 5.  In the PHRC complaint, plaintiff alleged that after informing Ms. Newell of her eye condition, the nature of her job as a children's librarian was changed from part-time to full-time.  PHRC Compl. ¶¶ 4-12.  She also alleged that following her attempt to "negotiate some terms concerning the job…in return for flexibility of scheduling working hours" she was terminated on July 15, 2003.  Id. ¶¶ 12-13.  While the PHRC complaint names J. Lewis Crozer Library as the only respondent,

Ms. Newell is listed within the complaint as the Library Director and as the party that

terminated Ms. Jackson.  Id. ¶¶ 5, 13.  Plaintiff's complaint was dismissed by the PHRC,

and she received a letter from the EEOC informing her of her right to sue.  Am. Compl. ¶

5.

      Plaintiff filed suit against Crozer Library and Ms. Newell in the Eastern District of

Pennsylvania on February 2, 2007.  Her amended complaint contains five counts: (1)

wrongful termination; (2) retaliatory discharge; (3) disability discrimination in violation of

Title VII, 41 U.S.C. § 2000e *et seq*;[1] (4) disability discrimination by Crozer Library in

violation of the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. ANN. § 951

*et seq*.; and (5) aiding and abetting disability discrimination by Ms. Newell in violation of

the PHRA.  Counts IV and V both allege specifically that the disability discrimination took

the form of retaliation in response to plaintiff's prior need for a reasonable accommodation

and on account of her alleged disability.  Defendants filed a Rule 12(b)(6) motion to

dismiss in response to plaintiff's amended complaint, moving for dismissal of counts I, II,

IV, and V on grounds that any claims not made by plaintiff in her complaint filed with the

PHRC and EEOC are time barred.  In response to this motion, plaintiff admits that Counts

I and II are time barred, but maintains that counts IV and V are not barred since they were

raised in the initial administrative proceedings.

## II.  MOTION TO DISMISS STANDARD

      The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of

---

[1] See infra n.3 (regarding the incorrect citation of the applicable federal statute).

Civil Procedure is to test the legal sufficiency of a complaint.  Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  In ruling on a motion to dismiss on the basis of the statute of limitations, a court must determine whether the statement of the claim shows that the cause of action has been brought within the statute of limitations time period.  Jordan v. Crandley, No. 99-915, 1999 U.S. Dist. LEXIS 13918, at *2 (E.D. Pa. Sept. 7, 1999).   The court may grant a motion to dismiss only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Id.  See also D.P. Enters. v.  Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).  The Supreme Court has recently further clarified this standard, stating that "[while] a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d

Cir. 1993).  The PHRC complaint was attached as Exhibit C to plaintiff's amended

complaint and will therefore be considered evidence of what plaintiff alleged in the

administrative proceedings prior to the filing of the present complaint.[2]

## III.    DISCUSSION

### A.    Retaliation Claims

Defendants argue that since plaintiff did not assert claims of retaliation in her

PHRC complaint, her administrative remedies concerning the retaliation claims in her

amended complaint were not exhausted prior to filing the present suit.  See Mot. Dismiss

at 1-2.  Accordingly, they argue that since the events giving rise to the claims are now

nearly four years old, the applicable two year statute of limitations on personal injury

claims has run.  See id.  Plaintiff counters that since her retaliation claims are within the

scope of her PHRC complaint, she has exhausted her administrative remedies with respect

to the claims.

A plaintiff is required to exhaust all administrative remedies before filing suit in

federal court for violation of the PHRA or Title VII.[3]  Specifically, a party must file a

---

[2] In her response to defendants' motion, plaintiff submitted additional documentation of her communications with the PHRC, including a letter she wrote following her initial fact-finding conference, her appeal letter following the issuance of the PHRC's findings of fact, and other written evidence.  Since this material was not attached as an exhibit to plaintiff's amended complaint, to take it into consideration would convert defendants' present motion to a motion for summary judgment under Rule 56.  I have declined to convert the pending motion into a summary judgment motion and therefore, I have not relied upon the additional documentation in ruling on this motion.

[3] Count III of plaintiff's complaint alleges violations of Title VII, incorrectly cited as "41 U.S.C. §§ 2000e et seq."  Assuming that plaintiff intended to file her disability discrimination claim under the Americans With Disabilities Act ("ADA"), I will give plaintiff ten days to file another amended complaint citing the proper statute.  Under the Americans With Disabilities Act:

The powers, remedies, and procedures set forth in sections 705, 706, 707, 709, and 710 of the Civil Rights Act of 1964…shall be the powers, remedies, and procedures

claim with the PHRC for discrimination claims arising under the PHRA, and must wait one year before forgoing the administrative process.  See 43 PA. STAT. ANN. § 962(c)(1); Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997).  Similarly, a plaintiff must file with the EEOC for federal claims and must wait at least 180 days before foregoing the administrative process and seeking a private remedy in court.  See 42 U.S.C. § 2000e-5(f)(1); Churchill v. Star Enter., 183 F.3d 184, 190 (3d Cir. 1999).  However, a plaintiff who has filed a charge with either the EEOC or the PHRC that has been dual-filed with the other agency is considered to have satisfied the requirement of exhaustion of administrative remedies for both Title VII and the PHRA.  See Alexander v. Keystone Mercy Health Plan, No. 06-5599, 2007 U.S. Dist. LEXIS 41219, at *8 (E.D. Pa. June 5, 2007); see also Woodson 109 F.3d at 925-27.  Under the EEOC, the test for whether administrative proceedings have been exhausted for a specific claim is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."  Antol v. Perry, 82 F.3d 1291, 1295 (3d

---

this title provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this Act, or regulations promulgated under section 106 (42 U.S.C. § 12116), concerning employment.

42 U.S.C. § 12117(a).  In other words, a claimant alleging disability discrimination under the ADA is subject to the same enforcement procedures set forth in 42 U.S.C. § 2000e-5.  Section 2000e-5 contains provisions concerning the power of, filing requirements for, and enforcement rules of the EEOC, which handles claims brought under Title VII, the ADA, and other legislation.  See 42 U.S.C. § 2000e-5 et seq. While the enforcement provisions requiring the filing of a complaint with the EEOC before going to court were originally created for Title VII claims and are now used for ADA claims, this does not make plaintiff's claim a Title VII claim.  Title VII was passed with the intent of prohibiting discrimination on the basis of race, color, religion, sex, or national origin.  See 42 U.S.C. 2000e et seq.; see also Johnson v Ry. Express Agency, Inc. 421 U.S. 454 (1975).  The ADA was passed "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. § 12101(b).

Cir. 1996) (citing Waiters v. Parsons, 779 F.2d 233, 237 (3d Cir. 1984)).

As for the PHRA and the exhaustion of remedies, the Third Circuit has held that "the PHRA is to be interpreted as identical to the federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently." Slagle v. County of Clarion, 435 F.3d 262, 265 n.5 (3d Cir. 2006) (citing Fasold v. Justice, 409 F.3d 178, 184 n.8 (3d Cir. 2005)) (stating, with respect to a retaliatory discharge claim, that "we will interpret the implicated provisions of Title VII and PHRA as applying identically in this case and as being governed by the same set of decisional law"); see also Atkinson v. Lafayette College, 460 F.3d 447, 453 (3d Cir. 2006) (applying the federal standard for determining whether administrative remedies had been exhausted in dismissing Title VII and PHRA retaliation claims).  Neither party made an argument that the PHRA should be interpreted any differently than federal law in this case.

Here, Counts IV and V of plaintiff's amended complaint allege that defendants retaliated against plaintiff for her request for a reasonable accommodation of her disability.  For a *prima facie* claim of employment retaliation under the PHRA, a plaintiff must allege that she "(1)… engaged in a protected activity; (2) that Employer was aware of the protected activity; (3) that subsequent to participation of the protected activity complainant was subjected to an adverse action by Employer; and (4) that there is a causal connection between participation in the protected activity and the adverse employment action." Robert Wholey Co. v. Pennsylvania Human Relations Comm'n., 606 A.2d 982,

983 (Pa. 1992) (citing <u>Brown Transp. Corp. v. Pennsylvania Human Relations Comm'n</u>, 578 A.2d 555 (Pa. 1990)).  The question for this court is whether plaintiff asserted the retaliation claims at the administrative level.

Applying the standard set forth in <u>Antol v. Perry</u>, which requires that claims asserted in federal court must have been within the scope of the prior administrative complaint or the investigation arising therefrom, plaintiff's claims for retaliation should be sustained.  <u>See</u> 82 F.3d at 1295.  The facts and events that comprise the PHRA retaliation claim are fairly within the scope of the PHRC complaint.  The PHRC complaint alleges violations of the PHRA, and states that plaintiff was diagnosed with macular degeneration, that she informed her employer of this diagnosis, and that she informed her employer that she would require reasonable accommodations to be able to continue to perform her job functions.  PHRC Compl. ¶¶ 7-9.  The complaint also sets forth plaintiff's allegation that defendants changed her position from part-time to full-time as a result of her disability and with knowledge that this change would require her to drive when defendants knew she was unable to do so.  <u>Id</u>. ¶ 16.  While plaintiff does not use the word "retaliation" in her PHRC complaint, the actions she alleges are within the scope of a claim for retaliation.

Moreover, the basis of the retaliation claims in this suit would have been within the scope of any investigation conducted by the PHRC as a result of the PHRC complaint.  This court has previously read an EEOC complaint liberally to allow for recognition of a cognizable retaliation claim that was not articulated specifically.  <u>See</u> <u>Demshick v.</u>

<u>Delaware Valley Convalescent Homes, Inc.</u>, No 05-2251, 2007 U.S. Dist. LEXIS 31064, at *37 (E.D. Pa. Apr. 26, 2007) (allowing a retaliation claim to withstand summary judgment despite the plaintiff having checked only "disability" and not "retaliation" as the cause for discrimination on her EEOC charge form, because "a plain reading" of the plaintiff's narrative revealed a claim for retaliation as well).

The PHRC and EEOC were put on notice of the retaliation claims with the filing of the administrative complaint and the agencies were given an opportunity to settle the dispute without unnecessary court action.  In other words, the purpose of the exhaustion requirement was satisfied and Ms. Jackson has pursued all administrative remedies for her retaliation claims.  <u>See</u> <u>Antol</u> 83 F.2d at 1296.  Therefore, I will deny defendants' motion to dismiss with respect to the retaliation claims.

### B.    Discrimination and Retaliation Claim Against Katie Newell

Count V of plaintiff's amended complaint asserts a claim of discrimination and retaliation in violation of the PHRA against defendant Katie Newell, plaintiff's supervisor and the person primarily responsible for terminating her employment with Crozer Library. Am. Compl. ¶¶ 44-45.  Defendants assert that this claim was also not filed with the PHRC, and is thus time barred, because Ms. Newell was not named as a respondent in plaintiff's PHRC complaint.  <u>See</u> Mot. Dismiss at 3.

Generally, a party not named as a respondent in an administrative proceeding for discrimination cannot be subject to suit in federal court following the exhaustion of

administrative remedies.  See 43 PA. STAT. ANN. § 962©.  This requirement serves the purpose of (1) ensuring that an employer is made aware of the complaint lodged against him and is given the opportunity to take remedial action, and (2) giving the EEOC the opportunity to fulfill its statutory duties of eliminating unlawful practices through the administrative process.  See Bihler v. Singer Co., 710 F.2d 96, 99 (3d Cir. 1983).  "A plaintiff's claims are preserved as long as he names the defendant in the body of the administrative complaint because it provides the defendant with the requisite notice that the defendant's conduct is under formal review; a defendant need not be named in the caption as a respondent."  Patton v. SEPTA, No. 06-707, 2007 U.S. Dist. LEXIS 5806, at *15-16 (E.D. Pa. Jan. 26, 2007) (citing McInerney v. Moyer, 244 F. Supp. 2d 393, 398-99 (E.D. Pa. 2002)).  However, the Third Circuit recognizes an exception to this general rule "when the unnamed party received notice and when there is a shared commonality of interest with the named party."  Schafer v. Board of Public Educ., 903 F.2d 243, 252 (3d Cir. 1990).  There are four factors a court may take into consideration in deciding whether a plaintiff may sue a party unnamed in an EEOC action:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar [to] the unnamed party that for purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir. 1980) (noting the "four-prong test is not a mechanical one; no single factor is decisive").[4]

This court can exercise jurisdiction over Ms. Newell for two reasons.  First, she is mentioned numerous times in the body of the PHRC complaint, including as "the new Library Director," the person who "terminated" the plaintiff, and as the person whose motives drove the actions taken by Crozer Library.  See PHRC Compl. ¶¶ 5, 13, 16. Second, although Ms. Newell was not named as a respondent in the PHRC complaint, she received adequate notice and shared a commonality of interest with Crozer Library, so the Schafer exception applies.  As for notice, Ms. Newell was mentioned four times in the PHRC complaint.  This, along with the fact that no other employee was named, indicates that the PHRC complaint should have put Ms. Newell on notice of the plaintiff's allegations and her intent to take administrative action against her former employer.  As for commonality of interest, Ms. Newell was the person making decisions concerning plaintiff's employment on behalf of Crozer Library.  Therefore, given Ms. Newell's inclusion in the plaintiff's administrative filing regarding the alleged discrimination and retaliation, I will deny defendant's motion to dismiss the claim against Ms. Newell.

**C.      Punitive Damages Claim**

---

[4] Courts in this district have held that this exception is only available to plaintiffs who were not represented by counsel at the time of filing their initial complaint.  See Christaldi-Smith v. JDJ, Inc., 367 F. Supp. 2d. 756, 763 n.3 (E.D. Pa. 2005) (citing Cronin Martindale Andres & Co. 159 F. Supp. 2d 1, 9 (E.D. Pa. 2001). Contra Patton v. SEPTA, No. 06-707, 2007 U.S. Dist. LEXIS 5806, at *17 n.3 (E.D. Pa. Jan. 26, 2007). Since plaintiff filed the PHRC complaint without the help of counsel, the exception applies to her regardless of whether that threshold requirement exists.

In her amended complaint, plaintiff includes in her "Prayer For Relief" a claim for punitive damages.  <u>See</u> Am. Compl. at 18.  Defendants aver in their motion to dismiss that such relief is not allowed pursuant to the PHRA or Title VII.  <u>See</u> Mot. Dismiss at 3. Plaintiff does not respond to this aspect of defendants' motion in her response.

Under Local Rule 7.1©, "any party opposing [a] motion shall serve a brief in opposition, together with such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of a timely response, the motion may be granted as uncontested."  E.D. PA. R. CIV. P. 7.1©. Since plaintiff did not address defendants' motion with respect to punitive damages, I will treat that portion of the motion as uncontested.

Accordingly, I will grant the defendants' motion as to punitive damages and strike the request for punitive damages from the amended complaint.

## IV.   CONCLUSION

I will grant defendants' motion to dismiss with respect to Counts I and II and plaintiff's request for punitive damages.  I will deny defendants' motion with respect to Counts IV and V because the retaliation claims were within the scope of the PHRC complaint and plaintiff has exhausted her administrative remedies with respect to them. Finally, I will deny defendants' motion with respect to Count V because Ms. Newell was included in the body of plaintiff's PHRC complaint, she received notice of the PHRC charges, and she shared a commonality of interest with defendant Crozer Library.

I will give plaintiff ten (10) days to amend the complaint so as to address the question raised in this memo.  See supra n. 3.  Defendants will then have ten (10) days to file an answer.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOROTHY JACKSON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 07-0481** |
| | : | |
| **J. LEWIS CROZER LIBRARY** | : | |
| **and** | : | |
| **KATIE NEWELL,** | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

**AND NOW**, this 22nd day of August, 2007, upon consideration of defendants'

Motion to Dismiss (Docket No. 18), and the response thereto, it is hereby **ORDERED** that

the motion is **GRANTED in part and DENIED in part**.  I will grant defendants' motion

to dismiss with respect to Counts I and II.  I will deny defendants' motion with respect to

Counts IV and V.  Finally, I will strike the request for punitive damages from the amended

complaint.

Plaintiff has ten (10) days to amend the complaint to address any concerns raised by

the court in its memorandum.  Defendants will then have ten (10) days to file an answer.


BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.